UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

OCT 23 1997

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff,

v.

MITCHELL A. HAMMER and
JOSEPH LETZELTER, JR.,

           Defendants.

CIVIL ACTION NO:

97-6892-CIV-ZLOCH

FINAL JUDGMENT OF
PERMANENT INJUNCTION
AND OTHER RELIEF AS
TO MITCHELL A. HAMMER

      Plaintiff Securities and Exchange Commission ("SEC") commenced this action by filing its complaint against Defendants Mitchell A. Hammer ("Hammer") and Joseph Letzelter, Jr. Defendant Hammer, by the Consent annexed hereto, without admitting or denying any of the allegations of the SEC's Complaint, except as to the jurisdiction of this Court over him and over the subject matter of this action, has agreed to the entry of this Final Judgment of Permanent Injunction and Other Relief ("Final Judgment"). This Court, having jurisdiction over Defendant Hammer and over the subject matter hereof, and the Court having accepted such Consent and being fully advised in the premises,

I.

**FRAUD IN VIOLATION OF SECTION 17(a)
OF THE SECURITIES ACT OF 1933**

      **IT IS HEREBY ADJUDGED** that Defendant Hammer, his officers, agents, servants, employees, attorneys in fact, and all persons in active concert or participation with him, and each of them, directly or indirectly, who receive actual notice

of this Final Judgment, by personal service or otherwise, be and they hereby are, permanently restrained and enjoined from, directly or indirectly, singly or in concert, as aiders and abettors or otherwise, in the offer or sale of any security, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    (a)   knowingly employing any device, scheme or artifice to defraud;

    (b)   obtaining money or property by means of any untrue statement of material fact or omission to state any material fact necessary in order to make the statement made, in light of the circumstances under which it was made, not misleading; or

    (c)   engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon purchasers or prospective purchasers of any such security,

in violation of Sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act of 1933 [15 U.S.C. §§ 77q(a)(1), 77q(a)(2) and 77q(a)(3)].

## II.

### FRAUD IN VIOLATION OF SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND RULE 10b-5 THEREUNDER

**IT IS FURTHER ADJUDGED** that Defendant Hammer, his officers, agents, servants, employees, attorneys in fact, and all persons in active concert or participation with him, and each of them, directly or indirectly, who receive actual notice of this Final Judgment, by personal service or otherwise, be and

they hereby are, permanently restrained and enjoined from, knowingly and willfully, directly or indirectly, singly or in concert, as aiders and abettors or otherwise, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

    (a)    employing any device, scheme or artifice to defraud;

    (b)    making any untrue statements of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5], thereunder.

### III.

### RECORDKEEPING VIOLATIONS OF SECTIONS 13(b)(2)(A), 13(b)(2)(B), AND 13(b)(5) OF THE EXCHANGE ACT AND RULE 13b2-1

**IT IS FURTHER ADJUDGED** that Defendant Hammer, his officers, agents, servants, employees, attorneys in fact, and all persons in active concert or participation with him, and each of them, directly or indirectly, who receive actual notice of this Final Judgment, by personal service or otherwise, be and they hereby are, permanently restrained and enjoined from, directly

or indirectly, singly or in concert, as aiders and abettors or otherwise;

    (a)    individually or as control persons, to cause any issuer which has a class of securities registered under Section 12 of the Exchange Act to fail to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the issuer's assets;

    (b)    individually or as control persons, to cause any issuer which has a class of securities registered under Section 12 of the Exchange Act to fail to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions are properly executed and recorded, access to assets is restricted, and at appropriate intervals assets are accounted for;

    (c)    individually or as control persons, to falsify any book or record of any issuer which has a class of securities registered under Section 12 of the Exchange Act; or

    (d)    individually or as control persons, knowingly to circumvent or knowingly fail to implement a system of internal accounting controls or knowingly falsify any book, record, or account described in Section 13(b)(2) of the Exchange Act,

in violation of Sections 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A), and (b)(2)(B)], Section

13(b)(5) of the Exchange Act [15 U.S.C. §§ 78m(b)(5)], and Rule 13b2-1 [17 C.F.R. § 240.13b2-1], thereunder.

IV.

**FINANCIAL REPORTING VIOLATIONS OF SECTIONS 13(a) OF THE EXCHANGE ACT AND RULES 13a-1, 13a-11, 13a-13, AND 12b-20**

**IT IS FURTHER ADJUDGED** that Defendant Hammer, his officers, agents, servants, employees, attorneys in fact, and all persons in active concert or participation with him, and each of them, directly or indirectly, who receive actual notice of this Final Judgment, by personal service or otherwise, be and they hereby are, permanently restrained and enjoined from, directly or indirectly, singly or in concert, as aiders and abettors or otherwise, individually or as control persons, to cause any issuer which has a class of securities registered under Section 12 of the Exchange Act to fail to file periodic and other reports with the SEC containing such information as the SEC's rules prescribe, including, but not limited to the filing of accurate annual, current, and quarterly reports, including accurate disclosures of the issuer's revenues, income, and net earnings, and to add to any required information in a statement or report any further material information, in violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-1, 13a-11, 13a-13 and 12b-20 [17 C.F.R. §§ 240.13a-1, 240.13a-11, 240.13a-13, 240.12b-20], thereunder.

V.

**IT IS FURTHER ADJUDGED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. §78u(d)(2)], Defendant Hammer is hereby permanently barred from acting as an

officer or director of any issuer required to file reports pursuant to Section 12 of the Exchange Act.

## VI.

**IT IS HEREBY FURTHER ADJUDGED** that this Court shall retain jurisdiction over this matter and Defendant Hammer for all purposes.

To the extent not otherwise disposed of herein, all pending motions are hereby **DENIED** as moot.

**ADJUDGED** in Chambers at Fort Lauderdale, Broward County, Florida, this _23rd_ day of October, 1997.

```
                                    WILLIAM J. ZLOCH
                                    United States District Judge
```

Copies furnished:

Christian R. Bartholomew, esq.
Russell C. Weigel III, Esq.
Attorneys for Plaintiff
Securities and Exchange Commission

Scott Srebnick, Esq.
Attorney for Defendant
Mitchell A. Hammer

Richard H. Bergman, Esq.
Mark A. Jacobs, Esq.
Attorneys for Defendant
Joseph Letzelter, Jr.